UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE ELLIS,<br><br>    Petitioner,<br><br>    v.<br><br>JOSIE GASTELO,<br><br>    Respondent. | No. CV 18-3519-JFW (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On April 16, 2018, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in the Eastern District of California. That court transferred the action here on April 23, 2018. Petitioner challenges his 2012 conviction and sentence in Los Angeles County Superior Court. (Petition at 1.) Because Petitioner previously challenged that conviction in a case in which this Court denied relief on the merits, and because Petitioner has not obtained the Ninth Circuit's authorization to file a successive Petition, the Court will dismiss the action without prejudice.

# I.

# PROCEDURAL BACKGROUND

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in this district, *Ellis v. Soto*, No. CV 15-0106-JFW (AGR) ("*Ellis I*").

On January 7, 2015, in *Ellis I*, Petitioner filed a petition for writ of habeas corpus by a person in state custody. Petitioner challenged his 2012 conviction of false imprisonment and other crimes. *Id.*, Dkt. No. 1 at 2; Dkt. No. 3 (supporting memorandum) at 8 (Cal. Ct. App. opinion).

On June 17, 2016, the Court entered Judgment denying the petition in *Ellis I* and dismissing the action with prejudice. *Id.*, Dkt. Nos. 20, 28, 29. On the same date, the Court denied a Certificate of Appealability. *Id.*, Dkt. No. 30. On February 13, 2017, the Ninth Circuit also denied a Certificate in its case number 16-55985. *Id.*, Dkt. No. 35.

The Court takes judicial notice of Ninth Circuit public records indicating that Petitioner has not sought, and has not received, authorization from the Ninth Circuit to file a second or successive petition challenging the 2012 conviction. (Petitioner did apply twice for leave to file a successive habeas petition in the Northern District of California, but the Ninth Circuit denied both applications in its case numbers 15-70559 and 15-73501.)

The Petition for Writ of Habeas Corpus filed on April 16, 2018 seeks relief based on the following claims and arguments: (1) prosecutorial misconduct; (2) judicial misconduct; (3) instructional error; (4) ineffective assistance of trial counsel; (5) "inconsistent statement of the witness"; (6) Petitioner is actually innocent; (7) improper opinion testimony by the gang expert; (8) Petitioner's right to represent himself was improperly denied; (9) jury misconduct; and (10) double jeopardy. (*See* Petition at 15.)

## II.

## **DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a successive petition that challenges the same custody imposed by the same judgment of the state court as in *Ellis I*. (Petition at 2.) As noted above, Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file the Petition. This Court must, therefore, dismiss the Petition as a second or successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3). *See Burton*, 549 U.S. at 153-56.

Petitioner's assertion of actual innocence does not alter the analysis. It is the Court of Appeals, not this Court, that must decide whether an applicant has made the required showing to authorize the filing of a successive petition. *See* 28 U.S.C. § 2244(b)(3); *Williams v. Thaler*, 602 F.3d 291, 304-05 (5th Cir. 2010) (because petitioner failed to obtain Court of Appeals' authorization for leave to file successive petition, "district court did not have jurisdiction to consider" whether petitioner adequately showed "actual innocence").

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.
## ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: May 14, 2018

JOHN F. WALTER
United States District Judge